JS 6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CV-15-03463-DSF (PLAx) |
|---|---|
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED IN TUJUNGA, CALIFORNIA, | |
| Defendant. | |
| ALBERT GORE MANAGEMENT, LLC, | |
| Claimant. | |

This action was filed on May 8, 2015. Notice was given and published in accordance with law. Claimant Albert Gore Management, LLC ("Claimant") filed the only claim to the defendant real property located in Tujunga, California (the "defendant Tujunga property"), more particularly described below. No other statements of interest or answers have been filed, and the time for filing such statements of interest and answers has expired. Plaintiff and Claimant have reached an agreement that is dispositive of the claim to the defendant Tujunga property. The parties have requested that the

Court enter this Consent Judgment of Forfeiture.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

A. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, and over the parties hereto.

B. The Verified Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).

C. Notice of this action has been given in accordance with law. All potential claimants to the defendant Tujunga property other than Claimant are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

D. The United States of America shall have judgment as to Claimant's interest in the defendant Tujunga property, and no other person or entity shall have any right, title or interest therein. The legal description of the defendant Tujunga property is:

> The real property in the City of Los Angeles, County of Los Angeles, State of California, described as Lot 15 and 16 of Tract No. 5852, in the City of Los Angeles, County of Los Angeles, State of California, as per Map Recorded in Book 61 Page 67 of Maps in the Office of the County Recorder of said county.

APN # 2557-019-046 or 2557-019-012.

E. The defendant Tujunga property shall be sold for fair market value in accordance with the terms of this paragraph. The government shall cause the defendant Tujunga property to be listed on the Multiple Listing Service for 60 days at a price of $780,000.00, and the minimum acceptable purchase price shall be $770,000.00. If the defendant Tujunga property does not sell within the first 60 days of the listing of the property, the list price shall be reduced to $770,000.00, and the minimum acceptable purchase price shall be

$760,000.00. If the property has not sold within the first 90 days of the listing of the property, the listing price shall be reduced to an amount to be determined in the sole discretion of the government and/or its contractors, and the government shall be allowed to set, at its sole discretion, the acceptable purchase price. At any point during the first 90 days of listing the property on the Multiple Listing Service, the parties, by mutual written agreement, may change the listing price and/or the minimum purchase price of the property. The proceeds of the sale of the defendant Tujunga property shall be distributed as follows:

    a. First, payment of all outstanding real property taxes owed to the Los Angeles County Tax Collector calculated to the date of closing of escrow;

    b. Second, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the defendant property;

    c. Third, to the extent funds remain (the "net proceeds"), $680,000.00 shall be paid and forfeited to the United States of America, and no other right, title or interest shall exist therein. The United States of America shall dispose of the funds in accordance with law; and

    d. Fourth, any and all remaining proceeds shall be paid to Claimant, who shall provide payment instructions directly to the escrow company handling the sale of the defendant Tujunga property.

F. Claimant Albert Gore Management, LLC, may retain possession of the defendant Tujunga property until two weeks before escrow is scheduled to close. At the time that escrow opens on the sale of the defendant Tujunga property, the United States Marshals Service

3

("USMS") shall notify Claimant Albert Gore Management, LLC through its representative, Albert Nersisyan, and provide Claimant with notice of a date to vacate the premises.

G.   While Claimant Albert Gore Management, LLC retains possession of the defendant Tujunga property, it will not take any action to negatively affect the marketability of the property, and will maintain it in substantially the same condition as it was on the date of the entry of this Judgment, including without limitation, maintenance of the front and backyard.  Claimant Albert Gore Management, LLC shall maintain appropriate policies of insurance on the defendant Tujunga property until it vacates the property, including policies covering potential liability for personal injury or property damage occurring on or around the defendant Tujunga property.  Claimant shall not commit waste of the defendant Tujunga property or permit the property to be used or occupied in any manner which would diminish the value of the property or invalidate any insurance policy on the property.

H.   While Claimant Albert Gore Management, LLC remains in possession of the defendant Tujunga property, it shall grant the USMS and its contractors access to the defendant Tujunga property between the hours of 8:00 a.m. and 5:00 p.m. if it is provided with 24 hours notice through any of its representatives.  Notice may be provided by phone or email and Claimant must provide at least three valid forms of contact.  Any violations of the provisions of this paragraph may result in an adjustment of the payment in paragraph E(d) or the entry of an Order giving Plaintiff possession of the defendant Tujunga property.

I.   If Claimant Albert Gore Management, LLC vacates the

defendant Tujunga property in accordance with paragraph C, and for any reason escrow is cancelled, Claimant shall have no right to re-enter or re-take possession of the property.

J.  Upon entry of this Consent Judgment of Forfeiture, the U.S. Marshals service shall release and return the 2011 Mercedes Benz Sprinter, VIN WDZPE8CD0B5562712 (17-FBI-002356) seized on or about March 28, 2017, to the registered owner of the seized vehicle, or to her designated agent.

K.  Claimant Albert Gore Management, LLC has released the United States of America, its agencies, agents, and officers, including employees and agents of the Federal Bureau of Investigation, from any and all claims, actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney's fees, costs or interest which may be asserted on behalf of Claimant Albert Gore Management, LLC and/or its members, shareholders or partners, whether pursuant to 28 U.S.C. § 2465 or otherwise.  Nothing in this Consent Judgment is intended as, nor should anything in this Consent Judgment be interpreted as an admission by Claimant Albert Gore Management, LLC of any liability or wrongdoing.

L.  The court finds that there was reasonable cause for the institution of these proceedings.  This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

6/15/17

DATE

*[signature: Dale S. Fischer]*

HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

**SIGNATURE OF PARTIES ARE ON NEXT PAGE**

**Approved as to form and content:**

Dated: June 12, 2017

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____/s/_____
JENNIFER M. RESNIK
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: June 9, 2017

KG Law, APC

_____/s/_____
VAHE KHODZHAYAN, ESQ.

Attorney for Claimant
ALBERT GORE MANAGEMENT, LLC

Dated: June 9, 2017

_____/s/_____
ALBERT GORE MANAGEMENT, LLC

Claimant